Brady, J
The relator was charged with a violation of rule 199 of the police department, which prohibits the use of the club except in self defense. The specification was, that he drew his baton and severely struck a citizen on the head and on the right eyebrow, inflicting thereby flesh wounds. The evidence established clearly that the citizen was assailed by the relator as charged, and that there was no justification for it whatever. Indeed, the probability is that the relator was in an excitable condition from excessive drinking, and this led into the error of arresting the citizen whom he assaulted. If the evidence of the citizen be true, he was standing at his own door, was told by the relator to get away, and when he said he lived there was seized by the relator and beaten.
The relator denied the charge, it is true, but there was confirmatory evidence of the relator’s conduct and sufficient to justify the decision made. The pretence of the relator aside from the statement that the citizen struck him, was that the mob assembled jumped upon him, none of whom, however, were assaulted by him, and none of whom or the bystanders was called on his behalf. He could not get them he said, because they were thieves, but he admitted that he did nothing to that end. The proof accepted that the relator was intoxicated was properly taken. It was necessarily a part of the res gestee as it related to the condition of relator at the time of the event and bore upon the question of probability, the relator, if in that con dition, being more likely to commit the assault than if sober, no matter what his general character for peace and love of good order might be. The history of violent crimes in this city will demonstrate that ninety out of a hundred result from excessive drinking. But whether this be so or not, this appeal cannot avail the relator. It has been shown by abundant evidence that he needlessly and without the least right to do so, assaulted and cruelly beat a citizen. His club was a weapon for self-defence to be promptly and freely used only when assaulted and in danger, or violently resisted, but not otherwise, either to gratify prejudice, revenge, spleen, from undue excitement, or to indulge in *110 pastime. We can inquire. whether there was competent proof of the charge made, and if there were, whether there is_ such a preponderance of evidence against it that the verdict of a jury would be set aside as against the evidence.. This is the extent of our power in such reviews as this. Code, section 2140. The preponderance does not exist here. We are aware that policemen are frequently at the-mercy of bad men, and here the relator may have been set upon by thieves as he states and exposed to the danger resulting from that circumstance;' but he should have shown it. If it were so, he must have had the ability to have proved it; which as suggested he did not do. For these reasons the writ must be dismissed.
Van Brunt, P. J., concurs; Bartlett, J., concurs in the result.